EXHIBIT "A"

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

Filed and Attested by the
Office of Judicial Records
18 AUG 2017 03:36 pm
M. BRYANT

**SIMON & SIMON, P.C.**
Marc I. Simon, Esquire
Joshua A. Rosen, Esquire
Matthew J. Zamites, Esquire
Brian F. George, Esquire
Andrew Baron, Esquire
Raymond Tarnowski, Esquire
Grady Lowman, Esquire
Ashley Oakcy, Esquire
Jason Whalley, Esquire
Joshua Baer, Esquire
Michael K. Simon, Esquire
Sam Reznik, Esquire
Bryan Arner, Esquire

Mary G. McCarthy, Esquire
William Rhoades, Esquire
Michael Schlagnhaufer, Esquire
Alexander C. Hyder, Esquire
Erik Newman, Esquire
Daria Koscielniak, Esquire
Harry Gosnear, Esquire
Jessalyn Gillum, Esquire
Fabianna Pergolizzi, Esquire
Ashley Keefer, Esquire
Katie Walsh, Esquire
Daniel Ward, Esquire Attorneys for
Plaintiff(s)

Attorney I.D. No.
201798
1515 Market Street, Suite 1600
Philadelphia, PA 19102
(215) 467-4666

| | |
|---|---|
| Keena Ingram<br>1734 Mohican Street<br>Philadelphia, PA 19138 | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| Plaintiff<br>v.<br>Israel Guerrero Jr.<br>846 Patterson Road<br>Jackson, NJ 08527<br><br>And<br><br>Northeast Foods, Inc.<br>1 Gourmet Lane<br>Edison, NJ 08837<br>Defendants | August Term, 2017<br><br>No. |

Case ID: 170803107

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by Ms. Olson. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| **PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE**<br>**One Reading Center**<br>**Philadelphia Pennsylvania 19107**<br>**Telephone: (215) 238-1701** | **ASOCIACIÓN DE LICENCIADOS DE FILADELFIA**<br>**SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania 19107**<br>**Teléfono: (215) 238-1701** |

Case ID: 170803107

## COMPLAINT

1. Plaintiff, Keena Ingram, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Israel Guerrerro Jr., is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

3. Defendant, Northeast Foods, Inc., is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint.

4. Upon information and belief, Defendant regularly and systematically transacts business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

5. On or about July 12th, 2017, at approximately 11:00 AM, Plaintiff, was the operator of a motor vehicle, which was traveling at or near the intersection of Washington Ave & S 15th St, Philadelphia, PA 1914.

6. At or about the same date and time, Defendant, Israel Guerrerro Jr, was the operator of a motor vehicle, which was owned by Defendant, Northeast Foods, Inc, which was traveling at or near the aforesaid intersection and/or location of Plaintiff's vehicle.

7. At about the same date and time, Defendant's vehicle was involved in a motor vehicle collision in which Plaintiff was a passenger.

8. At all times relevant hereto, upon information and belief, Defendant, Israel Guerrerro Jr, was operating the aforementioned defendant, Northeast Foods, Inc's motor vehicle as defendant's agent, servant and/or employee acting in the scope of their agency

9. The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his vehicle in such a manner so as to strike Plaintiff's vehicle.

10. As a direct and proximate result of the joint and/or several and/or direct or vicarious negligence and/or carelessness of the Defendants, Plaintiff has sustained serious permanent personal injuries and damages.

11. As a result of the incident, Plaintiff suffered severe and permanent injuries as set forth more fully below.

## COUNT I
### Zakiyak Hager v. Israel Guerrerro Jr.
### Negligence

12. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

13. The negligence and/or carelessness of Defendant, which was the direct and proximate cause of the incident and the injuries and damages sustained by the Plaintiff consists of, but is not limited to:

   a. Failing to maintain proper distance between vehicles;
   b. Operating said vehicle without regard for the rights or safety of Plaintiff or others;
   c. Failing to have said vehicle under proper and adequate control;
   d. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;
   e. Violation of the assured clear distance rule;
   f. Failure to keep a proper lookout;
   g. Failure to apply brakes earlier to stop the vehicle without striking the pole;
   h. Being inattentive to his duties as an operator of a motor vehicle;
   i. Disregarding traffic lanes, patterns, and other devices;
   j. Driving at a high rate of speed which was high and dangerous for conditions;

    k. Failing to remain continually alert while operating said vehicle;

    l. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

    m. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

    n. Failing to exercise ordinary care to avoid a collision;

    o. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    p. Operating said vehicle with disregard for the rights of Plaintiff, even though she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

    q. Continuing to operate the vehicle in a direction when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    r. Driving too fast for conditions;

    s. Violating the Pennsylvania Vehicle Code;

    t. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles

14. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries, all to Plaintiff's great loss and detriment.

15. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

16. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

17. As a further result of the injuries sustained, plaintiffs have, are presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

18. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
### Keena Ingram v. Northeast Foods, Inc.
### Negligent Entrustment

19. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

20. The negligence and/or carelessness of Defendant, Israel Guerrerro Jr, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

    a. Permitting Defendant, Israel Guerrerro Jr, to operate the motor vehicle without first ascertaining whether or not he/she was capable of properly operating said vehicle;

    b. Permitting Isreal Guerrerro Jr., to operate the motor vehicle when Defendant, Northeast Foods, Inc., knew, or in the exercise of due care and diligence, should have known that Defendant, Israel Guerrerro Jr, was capable of committing the acts of negligence set forth above;

    c. Failing to warn those persons, including the Plaintiff, that Defendant, Northeast Foods Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Israel Guerrerro Jr's negligent operation of the motor vehicle.

21. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries all to Plaintiff's great loss and detriment.

22. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

23. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

24. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

25.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT III
### Keena Ingram v. Northeast Foods Inc.
### Respondeat Superior

26.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

27.     The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the plaintiff consist of, but is not limited to:

   a. Failing to maintain proper distance between vehicles;
   b. Operating said vehicle without regard for the rights or safety of Plaintiff or others;
   c. Failing to have said vehicle under proper and adequate control;
   d. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;
   e. Violation of the assured clear distance rule;
   f. Failure to keep a proper lookout;

g. Failure to apply brakes earlier to stop the vehicle without striking the yellow pole;

h. Being inattentive to his duties as an operator of a motor vehicle;

i. Disregarding traffic lanes, patterns, and other devices;

j. Driving at a high rate of speed which was high and dangerous for conditions;

k. Failing to remain continually alert while operating said vehicle;

l. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

m. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

n. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

o. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

p. Continuing to operate the vehicle in a direction when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

q. Driving too fast for conditions;

r. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles;

28. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function,

permanent serious disfigurement, and/or aggravation of certain injuries, all to Plaintiff's great loss and detriment.

29. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

30. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

31. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

32. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: _____/s_____
Marc I. Simon, Esquire
Simon & Simon, P.C.
1515 Market Street
Suite 1600
Philadelphia, PA 19102
215-467-4666
*Attorney for Plaintiff*

## VERIFICATION

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

Marc I. Simon

Case ID: 170803107

## VERIFICATION

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

*/s/ Deena Ingram*

Case ID: 170803107